Regina L. DARBY, as the Administratrix C.T.A. of the Goods, Chattels and Credits of Peter Shelley Zeiler, and Regina L. Darby, individually, Plaintiff–Appellant,

v.

COMPAGNIE NATIONAL AIR FRANCE, d/b/a Air France, a corporation of France, Sisal–Rio Turismo, d/b/a Meridien Copacabana, Defendants,

Societe Des Hotels Meridien, d/b/a Meridien Hotels, Inc., Defendant–Appellee.

Nos. 99–7848, 99–9208.

United States Court of Appeals, Second Circuit.

June 20, 2001.

Edward T. Chase, N.Y., NY, for appellant.

Deborah Del Sordo, Ahmuty, Demers & McManus, N.Y., NY, for appellee.

Present NEWMAN, KEARSE and CABRANES, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Plaintiff Regina L. Darby, a New York resident, as administratrix of the estate of Peter Shelley Zeiler and individually as Zeiler's alleged common-law wife, appeals from a final judgment of the United States District Court for the Southern District of New York, Robert W. Sweet, *Judge,* dismissing her wrongful-death action against defendant Societe Des Hotels Meridien ("Meridien"), for the drowning of Zeiler in the Atlantic Ocean, off a Brazilian-government-owned beach in Rio de Janeiro, across the road from the Meridien Copacabana Hotel (the "Hotel") at which Zeiler was a guest and which was owned and operated by a Meridien subsidiary. Darby

contended that Zeiler's drowning was caused by rip currents, that the Hotel knew of the occasional presence of rip currents, and that the Hotel was negligent in failing to warn Zeiler of the potential danger to swimmers. The district court granted summary judgment dismissing the complaint, ruling, *inter alia*, that even if Meridien could be held responsible for the derelictions of its subsidiary, as a matter of law (a) the duty of a landowner extends only to those areas of his land that he operates, maintains, and controls, and not to the lands of another, and (b) the Hotel had no duty to warn of natural phenomena such as rip tides occurring near ocean beaches. Darby principally challenges these contentions on appeal.

Finding that the appeal raised important unsettled questions of New York law and policy, this Court certified to the New York Court of Appeals the following questions:

> (1) Whether, under New York law and all of the circumstances shown by the record developed in this case, a jury question of negligence is presented when there is evidence that an innkeeper whose hotel was across the road from a public beach, use of which by hotel guests was encouraged and facilitated by the hotel, failed to warn of rip tides that caused injury to a guest swimming off that beach.
>
> (2) Whether an innkeeper who so encourages and facilitates use of a nearby public beach has "a duty to take reasonable care to discover the actual condition of the land under water in the area wherein his guests were invited and permitted to bathe, and ... warn them of its dangerous condition," *Butts[ v. Kouwenhoven*, 272 A.D. 1019, 1019–20, 73 N.Y.S.2d 498, 499 (2d Dep't 1947) ].

*Darby v. Compagnie National Air France*, No. 99–7848 (2d Cir. Sept.18, 2000).

In a decision dated June 7, 2001, the New York Court of Appeals "answer[ed] both questions in the negative." *Darby v. Compagnie National Air France*, 96 N.Y.2d 343, 728 N.Y.S.2d 731, 753 N.E.2d 160 (2001). As to the first question, the Court observed that "[a] finding of negligence may be based only upon the breach of a duty," and that "[i]f, in connection with the acts complained of, the defendant owes no duty to the plaintiff, the action must fail," *id.* at 347, 753 N.E.2d at 162; and it found no such duty here on the part of the Hotel. The Court noted that

> the case at hand involves an off-premises beach over which the hotel exercised no management, supervision or oversight. Here, the Brazilian government—and not the hotel—owned, maintained and controlled the beach. Area hotels played no part in providing warnings regarding surf conditions.

> . . . . Plaintiff would have us, in effect, charge innkeepers with the obligation to oversee whether the entity maintaining the beach—here the Brazilian government—was performing its function properly. This Court has never gone so far as to hold that a hotel owner or innkeeper has a duty to warn guests as to the danger of using an off-premises beach under these circumstances. We decline to impose one.

*Id.* at 348, 753 N.E.2d at 163. The Court found that the Hotel's

> encourage[ment] and facilitat[ion of] use of the beach by providing beach towels, umbrellas and security escorts across the highway .... does not make the hotel the insurer of its guests' safety at a locale over which it has no control. Moreover, that the hotel chose to warn its guests of the risks of sun exposure

and crime does not create any duty to warn against hazards of the sea.

*Id.* As to the second certified question, the Court stated that

a hotel or innkeeper owes no duty to discover the actual condition of the land under water at the beach, even though it encourages and facilitates the use of the beach. To the extent that *Butts v. Kouwenhoven* (*supra*) may be read as suggesting that either question should be answered otherwise, it should not be followed.

*Id.* at 350, 753 N.E.2d at 164.

The New York Court of Appeals' answers to the certified questions are dispositive of Darby's appeal. We therefore affirm the judgment of the district court.